# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-5843-GW-FFMx | Date | November 8, 2019 |
| Title | *Tametria Nash-Perry v. JTH Tax, Inc., et al.* | | |

---

**Present: The Honorable**  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**    **IN CHAMBERS - FINAL RULING ON DEFENDANT JTH TAX, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY PLAINTIFF TAMETRIA NASH-PERRY [14]**

Attached hereto is the Court's Final Ruling. The Court would accept Plaintiff's First Amended Complaint and, consequently, would remand this case forthwith back to the Superior Court of the State of California, County of Los Angeles, for further proceedings.

Initials of Preparer    JG

---

## I. Introduction

Plaintiff Tametria Nash-Perry filed suit against JTH Tax Inc. d/b/a/ Liberty Tax Service ("JTH" or "Defendant") and Does 1 to 100 in state court, alleging numerous violations of employment and anti-discrimination laws. *See* Complaint, attached as Ex. 1 to Notice of Removal, Docket No. 1-1. JTH removed the case to federal court on the basis of diversity, on July 8, 2019. *See* Notice of Removal ("NOR"), Docket No. 1. On August 10, 2019, Plaintiff filed a first amended complaint which added two claims against Sharif Vaughn ("Vaughn") for tortious interference with prospective economic advantage ("TIPEA") and negligent interference with prospective economic advantage ("NIPEA"). *See* First Amended Complaint for Damages ("FAC"), Docket No. 9 at ¶¶ 128-48. Plaintiff did not seek leave to file the first amended complaint. *See generally* Docket.

Before the Court is Defendant JTH Tax Inc.'s ("JTH") motion to dismiss Plaintiff's first amended complaint.[1] *See* Notice of Motion and Motion by Defendant JTH Tax, Inc. to Dismiss the First Amended Complaint by Plaintiff Tametria Nash-Perry ("MTD"), Docket No. 14. Plaintiff filed an opposition in which she asserts that the case must be remanded to state court due to a lack of diversity jurisdiction. *See* Plaintiff Tametria Nash-Perry's Opposition to Defendant JTH Tax, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Opp'n"), Docket No. 17, 3. Plaintiff argues that diversity was destroyed when she amended the complaint to add a non-diverse defendant (*i.e.* Vaughn). *See id.*

The Court requested that the parties file supplemental briefing to address whether the Court should accept the amended complaint under the standards laid out by 28 U.S.C. § 1447(e) and Rule 15(a) of the Federal Rules of Civil Procedure. *See generally* Order to Show Cause Regarding Subject Matter Jurisdiction ("OSC"), Docket No. 22. The Court also asked the parties to address whether the case should be remanded to state court if the amended complaint is accepted. Plaintiff filed a supplemental brief regarding subject matter jurisdiction. *See* Plaintiff Tametria Nash-Perry's Supplemental Brief Re Subject Matter Jurisdiction ("Supp. Br."), Docket No. 24.

---

[1] The Court need not rule on the motion to dismiss given its decision on accepting the FAC and the concomitant ramification for subject matter jurisdiction.

Defendant filed an opposition. *See* Defendant JTH Tax, Inc.'s Opposition to Plaintiff's Supplemental Brief Re Subject Matter Jurisdiction ("Supp. Opp."), Docket No. 26. Plaintiff filed a reply. *See* Plaintiff Tametria Nash-Perry's Reply to Defendant JTH Tax, Inc.'s Opposition to Plaintiff's Supplemental Brief Re Subject Matter Jurisdiction ("Supp. Reply"), Docket No. 28.

## II. Applicable Law

### A. Leave to Amend

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a)'s policy of favoring amendment should be applied with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted). Leave to amend under Rule 15(a) involves consideration of factors including undue delay, bad faith, futility, and prejudice to the defendant. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman*, 371 U.S. at 182). Prejudice to the defendant carries the most weight. *See id.* at 1052; *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (finding "the crucial factor is the resulting prejudice to the opposing party"). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis original).

However, some courts have concluded that "the logic and policy of Rule 15(a) do not apply" in the case of a potentially diversity-destroying amendment, and that analysis is instead performed solely under 28 U.S.C. § 1447(e) ("Section 1447(e)"). *See Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007); *see also Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086-88 (C.D. Cal. 1999) (holding that amendment under Fed. R. Civ. P. 15(a) should not be permitted where to do so would destroy diversity after removal because it "would allow a plaintiff to improperly manipulate the forum of an action"); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024, 1026 (D. Nev. 1996) ("Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action.").

Courts within the Ninth Circuit have identified several factors for analysis under the Section 1447(e) standard which allows the Court more discretion than under Rule 15(a). *See*

*Clinco*, 41 F.Supp.2d at 1082. Under that approach, the Court considers:

> (1) Whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

*Id.* Prejudice to the plaintiff upon denial of joinder is also considered by some courts. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

### B. Subject Matter Jurisdiction

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the complete diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (emphasis added). Additionally, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is *absolutely* no

possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . . [citations omitted, emphasis added]" *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). *See also Esperanza v. Shanklin Corp.*, No. 5:17–cv–2456–CAS–KK, 2017 WL 6520465, at *2 (C.D. Cal. Dec. 19, 2017); *GranCare, LLC v. Thrower,* 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). "[T]he relevant inquiry is only whether plaintiff could state a claim against [the in-state defendant] on any legal theory." *Lytle v. Ford Motor Co.*, No. 2:18-cv-1628-WBC (EFBx), 2018 WL 4793800, at *5 (E.D. Cal. Oct. 2, 2018).

## III. Whether to Accept the Amended Complaint

The Court will begin by determining whether to accept Plaintiff's amended complaint. Although Plaintiff did not file a specific motion requesting leave to amend the complaint, the Court will treat the filing of the first amended complaint as a *de facto* motion for leave to amend, given that post-removal amendments to a complaint that destroy diversity are not permitted as a mere matter of course. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (finding that Section 1447(e) "clearly gives the district court the discretion to deny joinder."). There are two different legal standards that could apply to Plaintiff's attempt to amend the complaint. While amendments made before service of responsive pleading are generally governed by Federal Rule of Civil Procedure 15(a), diversity-destroying amendments are generally governed by Section 1447(e). The Court will begin by analyzing the more rigorous Section 1447(e) factors.

### A. Necessary Party under Rule 19(a)

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. Fed.R.Civ.P. 19(a). A person falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible. *Id.* ("shall be joined").

Vaughn is not a necessary party under Rule 19(a). "Complete relief is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *See Alto v. Black*, 738 F.3d 1111 (9th Cir. 2013)(internal quotations and citations omitted). Plaintiff's FAC attempts to add new causes of action against Vaughn but does not allege that Vaughn is liable for *any* of the causes of action

4

alleged in the original complaint against JTH.  *See generally* FAC.  In fact, none of the causes of action in the FAC are alleged against both JTH and Vaughn.  *See generally id.*  Plaintiff also does not argue that Vaughn is a necessary party under Rule 19(a) in either the Supp. Br. or Supp. Reply.  *See generally* Supp. Br.; Supp. Reply.  Thus, this factor weighs against permitting amendment to add Vaughn as a party.

### B.  Impact of Statute of Limitations

Plaintiff's claims against Vaughn for NIPEA and TIPEA are both limited by a two-year statute of limitations.  *See Knoell v. Petrovich*, 76 Cal. App. 164, 168 (1999).  The alleged interference occurred in September 2017, and Plaintiff filed the FAC in August 2019.  *See* FAC P¶ 129, 139.  Thus, the claims in the FAC would not be barred by the statute of limitations.  However, if the Court rejects the FAC adding Vaughn, Plaintiff would be barred from bringing a new action alleging these claims against Vaughn in state court, given that the statute of limitations has expired since the FAC was filed.  Thus, this factor weighs in favor of allowing amendment.

### C.  Timeliness of Attempted Amendment

Plaintiff filed her initial complaint in state court on May 31, 2019.  *See* Complaint. Defendant removed the case to Federal Court on July 8, 2019.  *See* NOR.  Plaintiff filed the FAC on August 10, 2019.  *See* FAC.  Thus, less than ten weeks passed between the filing of the original complaint and the FAC attempting to join Vaughn.  This is not an unreasonable amount of time, but it is also not remarkably quick, particularly given that Plaintiff was presumably fully aware of the circumstances giving rise to the claims against Vaughn when the original complaint was filed. Defendant argues that the *timing* of the filing of the FAC indicates that Plaintiff was motivated by the desire to have the case remanded.  *See* Supp. Opp. at 17-18. The court will consider that argument, separately, however, when it analyzes the motive for joinder.  Thus, the Court would find that this factor weighs slightly in favor of allowing amendment.

### D.  Motive for Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint."  *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir.1980).  Thus, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  *Id.*

As Defendant points out, Plaintiff did not file the FAC until after the case was removed to

federal court, despite presumptively having knowledge of the facts giving rise to her additional claims against Vaughn when the original complaint was filed. *See* Supp. Opp. 16-18. Plaintiff argues that her amended complaint was motivated by a meet and confer session which caused Plaintiff reevaluate her case and realize there were viable claims against Vaughn. *See* Supp. Br. at 4-5. This vague explanation as to the motivation for amendment although plausible, is not particularly persuasive, given the timing of the amendment. Thus, the Court would find that this factor weighs slightly in favor of denying amendment.

### E. Validity of Claim against New Party

Because the decision under § 1447(e) is discretionary, courts consider all issues that bear on the equities of allowing amendment. *See Irizarry v. Marine Powers Int'l*, 153 F.R.D. 12 (D.Puerto Rico 1994). Among these is whether the new claims sought to be added seem to have merit. *See Goodman v. Travelers Ins. Co.*, 561 F.Supp. 1111, 1113–14 (N.D.Cal.1983).

Applying this factor to the present case requires consideration of the two causes of action Plaintiff alleges against Vaughn. In the FAC, Plaintiff avers that:

> In July 2017, Plaintiff began the process of becoming a Liberty Tax Service franchise owner. While in the last stage of closing to purchase a franchise, Plaintiff complained to her District Manager, Sharif Vaugh [sic], that she was missing hours on her paycheck. When Ms. Vaughn refused to pay Plaintiff's hours, Plaintiff reported the missing hours to Defendant's Corporate office. In retaliation for Plaintiff's report, Ms. Vaughn rescinded her recommendation that Plaintiff become a franchise owner on the date that Plaintiff's deal was set to close, and Plaintiff's purchase fell through.

*See* FAC at ¶ 10.

A claim for TIPEA requires: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). Similarly, a claim for NIPEA requires: "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4)

such negligence cause damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *N. Am. Chem. Co. v. Super. Ct.,* 59 Cal.App.4th 764, 786 (1997).

Defendant argues that Plaintiff's new claims for tortious interference with prospective economic advantage are "utterly baseless." *See* Supp. Opp. at 13. Defendant asserts that the interference claims fail because "Plaintiff must allege Vaughn was a third party or stranger to her alleged prospective economic relationship" with JTH and that "Vaughn's act was wrongful by some legal measure other than [the] fact of interference itself." *Id.* Defendant is correct that in actions for interference with an economic relationship a claim will not lie against a party to the contract or relationship. *Woods v. Fox Broadcasting Sub, Inc.,* 129 Cal.App.4th 344, 350–51 (2005). "Absent a privilege or justification, however, contract or prospective economic advantage interference claims may lie against owners, officers, shareholders and directors of an entity whose contract or economic relationship is the subject of the litigation." *Chaganti v. I2 Phone Intern., Inc.*, 635 F.Supp.2d 1065, 1074 (N.D. Cal. 2007). An "owner, shareholder, officer or manager of an entity enjoys a qualified privilege" against claims of interference with contract or economic advantage where she "reasonably believes the contract to be harmful to the entity's best interests." *Id.* Ambiguities regarding motivation are resolved in favor of the defendant in order to permit managers to give "uninhibited advice." *See id.* at 1075.

Plaintiff argues that Vaughn is not immune from suit for interference with prospective economic relations because her role as Plaintiff's supervisor was unrelated to Plaintiff's potential franchise relationship with JTH. *See* Supp. Reply at 3. The parties have not cited, nor has the Court located, any analogous case, in which a manager allegedly interfered with an economic relationship between the employer and her subordinate employee that was *unrelated* to the employment relationship, as Plaintiff seems to allege. Thus, this appears to be an unresolved question of state law. The Court will not attempt to resolve this question of state law, given that the case will be remanded if these claims remain at issue. On this particular issue, therefore, the Court would conclude that it is possible that Plaintiff could assert a claim against Vaughn for TIPEA and NIPEA, although it is unclear what her chances of success would be.

Defendant also argues that Plaintiff's claims are baseless because both TIPEA and NIPEA require a finding that the defendant engaged in conduct that was "wrongful by some legal measure other than the fact of interference itself." *See* Supp. Opp. at 15. Plaintiff claims that the

independently wrongful act was Vaughn's alleged retaliation against Plaintiff for making California Labor Code Complaints. *See* Supp. Br. at 3. Defendant argues that "non-employer individuals, such as Vaughn, cannot be held personally liable for retaliation under FEHA or the California Labor Code," and thus retaliation cannot underly a claim for TIPEA or NIPEA. *See* Supp. Opp. at 15-16. Defendant is correct that to establish a claim for interference with prospective economic advantage a Plaintiff must allege "an independently wrongful act." *See Korea Supply*, 29 Cal. 4th at 1158. An act is "independently wrongful" if it is "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *See id.* at 1159. Under the California Labor Code Section 98.6, "a person" shall not "retaliate or taken any adverse action against any employee or applicant for employment . . . because the employee . . . has filed a bona fide complaint." Cal. Lab. Code § 98.6(a). Even if Vaughn is immune from *liability* for retaliation, her alleged conduct is nonetheless "proscribed" by a "determinable legal standard." Thus, the Court would not find that this claim is baseless for failing to allege independently wrongful conduct.

The Court would find that this factor weighs in favor of allowing amendment, given that there is a chance Plaintiff could successfully litigate her claims against Vaughn.

## F. Conclusion

Analyzing the 1447(a) factors together does not lead to a particularly clear answer as to whether to accept the FAC. However, given that Plaintiff has alleged claims raising seemingly novel issues of state law, and that her claims would be otherwise barred by the statute of limitations, the Court would find that the factors weigh slightly in favor of allowing amendment. Given the extremely early stages of the litigation, the Court would find that Defendant is not prejudiced by amendment, or by remand to state court. Given that the factors for Rule 15(a) and Section 1447(e) overlap, and that the Court has found amendment appropriate under the more severe Section 1447(e) factors, the Court need not analyze the appropriateness of amendment under the much more permissive Rule 15(a) standard under which leave to amend is granted with "extreme liberality." *See Waring v. Geodis Logistics, LLC*, 2019 WL 3424955, *7 ("Courts within the Ninth Circuit have approached post-removal joinder of non-diverse defendants by analyzing under Section 1447(e) alone or by analyzing under both Section 1447(e) and Rule 15(a)). Thus, the Court would accept Plaintiff's FAC.

## IV. Remand

Defendant concedes, as it must, that "[j]oining Vaughn to this lawsuit would destroy diversity jurisdiction." Defendant argues, however, that remand is improper because Vaughn is a fraudulently joined party. *See* Supp. Opp. at 20. As previously noted, "[j]oinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id*. at 1044 (emphasis added). As explained above, it is at least possible that Plaintiff could successfully litigate her TIPEA and NIPEA claims against Vaughn in state court. Thus, the Court would not find that Plaintiff has met the heavy burden of proving fraudulent joinder.

## V. Conclusion

The Court would accept Plaintiff's FAC and, consequently, would remand this case forthwith back to the Superior Court of the State of California, County of Los Angeles, for further proceedings.